UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLORIA DEL CARMEN DURON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:19-CV-272 |
| VS. | § | |
| | § | |
| KIRSTJEN NIELSEN, *et al*, | § | |
| | § | |
| Defendants. | | |

## MEMORANDUM AND ORDER

Pending before this Court are Plaintiff and Defendants' Motions for Summary Judgment. (Docs. 15, 16.) The parties' arguments focus on whether Plaintiff is inadmissible under 8 U.S.C. § 1182(a)(9)(A)(ii)(II) and thus whether the U.S. Citizenship and Immigration Services ("USCIS") violated the Administrative Procedure Act ("APA") in finding her ineligible for adjustment of status. In considering the parties' cross motions, the Court conducted a *sua sponte* review of subject matter jurisdiction. Upon identifying a potential issue, the Court subsequently ordered the parties to provide supplemental briefing. (Minute Entry Aug. 6, 2020; Docs. 22, 23) After considering the motions, the parties' briefs and supplemental briefs, the parties' oral arguments, and all applicable law, the Court determines that Plaintiff's Motion for Summary Judgment should be **GRANTED** and Defendants' Motion for Summary Judgment should be **DENIED**.

### I. BACKGROUND

Plaintiff Gloria Del Carmen Duron is a citizen of Honduras. (Doc. 1 ¶ 23.) She was previously ordered removed *in abstentia* by an immigration judge on March 30, 1998, after failing to appear for an immigration court hearing. (*Id.*) The removal order was not enforced. For unknown

reasons, Plaintiff left the United States on November 25, 2005. (Doc. 1 ¶ 24.) She was paroled back into the country three days later on November 28, 2005. (*Id.*)

On June 16, 2015, Plaintiff filed a Form I-485 Application to Register Permanent Residence or Adjust Status to apply to become a lawful permanent resident ("LPR"). (Doc. 1 ¶ 26.) The basis for her application was a concurrently filed visa petition, Form I-130, by her U.S. citizen daughter. (*Id.*; Doc. 23 at 3.) Plaintiff appeared for several interviews with USCIS relating to her adjustment application in August of 2016 and 2018.

On October 30, 2018, USCIS denied Plaintiff's adjustment application because she was deemed inadmissible under 8 U.S.C. § 1182(a)(9)(A)(ii)(II). (Doc. 1-1 at 2.) Specifically, the written denial letter stated: "Because you a) left the United States while your order of removal was outstanding, and b) sought admission within 10 years of your departure, you are found inadmissible. As the record contains no evidence that an exception applies, your application for adjustment of status is hereby denied." (Doc. 1-1 at 3.)

Plaintiff filed the instant action alleging violations of the APA against Defendants Kirstjen Nielsen, in her official capacity as the Secretary of the DHS; Lee F. Cissna, in his official capacity as the Director of the USCIS; and Mark Siegl, in his official capacity as the Houston Field Office Director of the USCIS. Plaintiff asserts that USCIS's denial of her adjustment application was arbitrary, capricious, and contrary to law because she is not in fact inadmissible under 8 U.S.C. § 1182(a)(9)(A)(ii)(II). Plaintiff seeks (1) *de novo* review of the USCIS's decision, (2) a declaratory judgment that the USCIS acted arbitrarily, capriciously, and not in accordance with the law when it denied Plaintiff's adjustment application, and (3) relief under the APA to compel the USCIS to reopen and reissue a new decision on her adjustment application. (Doc. 1 at 2.)

Plaintiff filed a Motion for Summary Judgment on June 19, 2020, and Defendant filed a Motion for Summary Judgment on June 22, 2020. The Court held a hearing on August 6, 2020, and parties agreed to provide supplemental briefing as to subject matter jurisdiction. The Court turns first to the question of subject matter-jurisdiction and thereafter discusses the merits of the parties' claims.

## II.     LEGAL STANDARD

Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Springboards to Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 811 (5th Cir. 2019). The court can consider any evidence in "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The evidence and inferences must be viewed in the light most favorable to the nonmoving party. *Springboards to Educ.*, 912 F.3d at 811. The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once a movant meets this burden, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial. *Id.* at 325.

"[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte." *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). The issue of lack of subject matter jurisdiction may be raised at any time. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

### III.     ANALYSIS

Plaintiff's motion for summary judgment asserts that USCIS's denial of her adjustment of status application was arbitrary, capricious, and contrary to law in violation of the APA. Defendants' cross motion for summary judgment argues that USCIS's denial was proper because Plaintiff is inadmissible, and thus ineligible for an adjustment of status to become a lawful permanent resident under 8 U.S.C. § 1255.

Under 8 U.S.C. § 1255, an individual who has been admitted or paroled into the United States may adjust one's status to a lawful permanent resident at the discretion of the Attorney General[1] if "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and *is admissible* to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a) (emphasis added). The relevant basis of inadmissibility states an individual is inadmissible if the individual "departed the United States while an order of removal was outstanding" and subsequently "seeks admission within 10 years of the date of . . . departure." 8 U.S.C. § 1182(a)(9)(A)(ii)(II).

In this case, it is undisputed that Plaintiff was ordered removed in 1998 and departed the United States on November 25, 2005. It is also undisputed that she was paroled into the United States on November 28, 2005 and that she applied for an adjustment of status on June 16, 2015. What is in dispute is whether either parole or an application for adjustment of status constitutes a

---

[1] The Homeland Security Act of 2002, 6 U.S.C. §§ 101 *et seq.*, transferred the authority to adjust status from the Attorney General and the INS to the Secretary of Homeland Security and divisions of that Department and the Director of USCIS. 8 C.F.R. § 245.2(a). Thus, the director of USCIS is authorized to adjudicate adjustment of status applications. 6 U.S.C. § 271(b); 8 C.F.R. § 245.2(a). *Offiiong v. Holder*, 864 F. Supp. 2d 611, 619 n.6 (S.D. Tex. Mar. 27, 2012).

request for admission for the purposes of 8 U.S.C. § 1182(a)(9)(A)(ii)(II). If either does, then Plaintiff sought admission within 10 years of her November 25, 2005 departure date and would thus be inadmissible under § 1182. Accordingly, she would be statutorily ineligible for an adjustment of status as USCIS decided.

Although neither party raises jurisdictional concerns, the Court *sua sponte* reviews its subject matter jurisdiction in the instant case. However, the Court finds that it retains subject matter jurisdiction over Plaintiff's claim for relief, and thus further proceeds to the merits of Plaintiff's claim.

### A. Subject Matter Jurisdiction

The Court addresses two questions with regard to subject matter jurisdiction. First, the Court finds that the jurisdiction-stripping provisions in the Immigration and Nationality Act ("INA") do not apply here because USCIS's denial of Plaintiff's application was not a discretionary decision. Second, the Court finds that Plaintiff's claim is exhausted, as required under the APA, because she is explicitly foreclosed from seeking review of her application by an immigration judge, and thus USCIS's denial amounts to a final agency action.

#### i. Jurisdiction-Stripping Provisions under the INA

The Court first finds and holds that the jurisdiction-stripping provisions of the INA do not apply here. The INA, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), contains a jurisdiction-stripping provision that states, "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under. . . [8 U.S.C. §] 1255." 8 U.S.C. § 1252(a)(2)(B)(i). This jurisdiction-stripping applies "regardless of whether the judgment, decision, or action is made in removal proceedings." *Id.*; *Abanov v. Gonzales*, No. H-06-3725, 2007 WL 2872765, at *2–3 (S.D. Tex. Sept. 28, 2007). However, this jurisdiction-

stripping provision only precludes review of *discretionary* decisions. *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 216 (5th Cir. 2003). The Fifth Circuit has squarely held that Section 1252(a)(2)(B)(i) does not bar review of the denial of an application for adjustment of status based on statutory ineligibility because it is a nondiscretionary decision. *Melendez v. McAleenan*, 928 F.3d 425, 426 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 561 (2019).

That is the case here. Under the adjustment of status statute, 8 U.S.C. § 1255, the Attorney General has the discretion to grant lawful permanent resident status—but *only if* the statutory requirements are first met. Plaintiff's application was denied because she failed to meet a requirement, admissibility, and thus the USCIS's judgment was not a discretionary decision. Therefore, this Court has jurisdiction under the INA.

### ii. Jurisdiction under the APA

The Court further holds that Plaintiff has met the APA's exhaustion requirement. The APA "confers a general cause of action upon persons 'adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984) (quoting 5 U.S.C. § 702). Judicial review of agency actions under the APA, however, is unavailable when "statutes preclude judicial review," 5 U.S.C. § 701(a)(1), or when the "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2). Moreover, judicial review is permitted only where there has been a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

The overarching issue here is whether there has in fact been a final agency action. In *Nolasco v. Crockett*, the Fifth Circuit recently held that the district court lacked jurisdiction to review the USCIS denial of the plaintiff's application for adjustment of status because there had not yet been a final agency action within the meaning of the APA. 958 F.3d 384, 387 (5th Cir.

6

2020). The plaintiff had filed an APA suit seeking injunctive and declaratory relief after the USCIS denied plaintiff's application for an adjustment of status. *Id.* at 385-86. However, no removal proceedings had been initiated against him. *Id.* at 386. The court explained that a USCIS denial of a request for adjustment of status is not a "final agency action for which there is no other adequate remedy in a court" because, although an individual cannot directly appeal the denial of a request for an adjustment of status, the individual can nevertheless renew the request for an adjustment of status in removal proceedings under 8 C.F.R. § 245.2(a)(5)(ii). *Id.* at 386-87; *see also Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000); *Petrenko-Gunter v. Upchurch*, No. 05-11249, 2006 WL 2852359, at *1 (5th Cir. Oct. 2, 2006). The court found this principle to apply even when removal proceedings have not yet commenced against an individual, and even though they may never take place. *Nolasco*, 958 F.3d at 386. In sum, the court articulated the controlling principle as follows: "federal courts lack jurisdiction over challenges to the denial of aliens' applications for LPR status unless and until the challenge has been exhausted in removal proceedings." *Id.* at 387.

The question becomes whether *Nolasco* controls Plaintiff's case. Both parties assert that this Court retains jurisdiction over this case, because unlike the plaintiff in *Nolasco*, Plaintiff here is an "arriving alien" and is unable to seek review of her application for adjustment of status in any future removal proceedings. The Court agrees with the parties and accordingly holds that this Court retains jurisdiction under the APA as USCIS's denial was a final agency action.

The regulation relied on in *Nolasco* provides that: "[n]o appeal lies from the denial of an application by the director, but the applicant, *if not an arriving alien*, retains the right to renew his or her application in [removal] proceedings." 8 C.F.R. § 245.2(a)(5)(ii) (emphasis added). For an "arriving alien," the immigration judge "does not have jurisdiction to adjudicate any application for adjustment of status filed by the arriving alien" unless one narrow exception applies. *See* 8

7

C.F.R. § 1245.2(a)(1)(ii). The regulations provide an exception where (1) "[t]he alien properly filed the application for adjustment of status with USCIS while the arriving alien was in the United States," (2) "[t]he alien departed from and returned to the United States pursuant to the terms of a grant of advance parole to pursue the previously filed application for adjustment of status," (3) "[t]he application for adjustment of status was denied by USCIS," and (4) "DHS placed the arriving alien in removal proceedings either upon the arriving alien's return to the United States pursuant to the grant of advance parole or after USCIS denied the application." *Id.*; *Matter of Silitonga*, 25 I. & N. Dec. 89, 91-92 (BIA 2009). Because parolees are treated as if they are still at the border, they are considered arriving aliens. *See* 8 C.F.R. § 1001.1(q) ("An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked."); 8 U.S.C. § 1101(a)(13)(B) ("An alien who is paroled . . . shall not be considered to have been admitted.").

Like in *Nolasco*, Plaintiff here has filed an APA suit seeking injunctive and declaratory relief after the USCIS denied her application for an adjustment of status. Plaintiff has not renewed her request for adjustment in removal proceedings because, like Nolasco, she has not been placed in removal proceedings and cannot do so at her initiative. Unlike the plaintiff in *Nolasco*, however, it is undisputed in this case that Plaintiff entered as a parolee on November 28, 2005. She is therefore an "arriving alien" under the INA and relevant regulations. As an "arriving alien," an immigration judge does not have jurisdiction to adjudicate Plaintiff's previously denied application for adjustment of status unless the narrow exception applies.

Plaintiff's circumstances are not those narrow circumstances under which an immigration judge may adjudicate an application for adjustment of status of an arriving alien. *See* 8 C.F.R. § 1245.2(a)(1)(ii). Plaintiff was paroled in 2005 and filed her application for adjustment of status

8

only *after* her parole in 2015. She was also never granted advance parole, but rather paroled under 8 U.S.C. § 1182(d)(5)(A). As a result, Plaintiff did not "depart[] from and return[] to the United States pursuant to the terms of a grant of advance parole to pursue the previously filed application for adjustment of status," and an immigration judge may never assume jurisdiction over her application. 8 C.F.R. § 1245.2(a)(1)(ii)(B). Indeed, 8 C.F.R. § 245.2(a)(5)(ii)—the regulation the Fifth Circuit based its holding on in *Nolasco*—is consistent with this provision and explicitly carves out "arriving aliens," like Plaintiff here, from the right to renew an application in removal proceedings.

Plaintiff does not have the right to renew her application with an immigration judge, even if she were ever placed in removal proceedings. As such, her application as it stands now has effectively "been exhausted in removal proceedings." *Nolasco*, 958 F.3d at 387. Therefore, *Nolasco* does not control the instant case and Plaintiff has exhausted her remedies as required under the APA.[2]

Having concluded that this Court properly has subject matter jurisdiction over Plaintiff's claim, because neither the INA's jurisdiction-stripping provisions nor the APA's exhaustion requirement preclude jurisdiction, the Court now turns to the merits of the claim.

---

[2] Defendants suggest that Plaintiff may seek a motion to reopen her removal proceedings and challenge the removal order she was subject to in 1998. If she were to prevail, they argue, that would render her no longer admissible under 8 U.S.C. § 1182(a)(9)(A)(ii)(II). However, that motion to reopen would not be a challenge to the denial of her adjustment of status application. It would be a challenge to an entirely distinct action by a distinct agency actor: a removal order by an immigration judge. Most importantly, that is a decision she is not challenging in this APA claim. As such, this allegedly potential path of relief is irrelevant to the present APA claim.

### B. Merits of Plaintiff's Claim

As discussed, USCIS denied Plaintiff's adjustment application because she was deemed to be inadmissible under 8 U.S.C. § 1182(a)(9)(A)(ii)(II), and thus statutorily ineligible for an adjustment of status. (Doc. 1-1 at 3.) 8 U.S.C. § 1182(a)(9)(A)(ii)(II) deems inadmissible an individual who departed while a removal order was outstanding and "seeks admission" within ten years of such departure. An "admission," in turn, is defined in the INA as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A); *Marques v. Lynch*, 834 F.3d 549, 558 (5th Cir. 2016).

Whether the denial of Plaintiff's application was in violation of the APA turns on the legal question of whether Plaintiff did, in fact, "seek admission" within ten years of her departure from the country on November 25, 2005. That is, the Court must determine whether either an entry by parole or an application for adjustment of status constitutes "seek[ing] admission" for the purposes of 8 U.S.C. § 1182(a)(9)(A)(ii)(II).

As a preliminary matter, the Court "note[s] that the result here does not depend on any deference to USCIS's interpretation of the statute." *Khalil v. Hazuda*, 833 F.3d 463, 469 (5th Cir. 2016). Unlike precedential decisions by the BIA, *Chevron* deference "does not extend to the decision of a lone USCIS adjudicator." *Id.*; *see also Dhuka v. Holder*, 716 F.3d 149, 154 (5th Cir. 2013) (applying *Skidmore* standard and not *Chevron* deference because the agency interpretation did not carry "the force of law"); *Guerrero v. Johnson*, 138 F. Supp. 3d 754, 757 (E.D. La. 2015) (applying *Skidmore* standard to a decision by USCIS). Likewise, "[t]he fact that the Government has adopted [an] interpretation . . . as a litigating position is of no moment." *Khalil*, 833 F.3d at 469 (citing *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 155 (2012) ("[D]eference [is] not required where government's interpretation 'is nothing more than a 'convenient litigating

position' or a '*post hoc* rationalizatio[n]' advanced by an agency seeking to defend past agency action against attack.'")).

Under such circumstances, a court may apply *Skidmore* deference depending on the agency decision's "thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." *Id.* (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). However, if the decision fails to address the arguments raised by the plaintiff, the decision is not entitled to any deference at all. *Id.*

Plaintiff challenges the denial of her adjustment of status application, a decision that precludes any consideration of *Chevron* deference because it was made by a "lone" USCIS adjudicator.[3] Additionally, the denial letter was cursory and did not address the arguments Plaintiff has raised in litigation. (Docs. 1, 16.) In regard to adjustment of status, Defendants admit "the Decision is not specific that the adjustment filing is the triggering act." (Doc. 16 at 4 n.5.) Because the decision failed to address the arguments raised by Plaintiff, it is entitled to no deference. Finally, the fact that Defendants now take the litigation position that an application for adjustment of status constitutes "seeking admission" is also not entitled to any deference. Therefore, the Court proceeds in its analysis of this legal question without deference to USCIS's decision or Defendants' position.

---

[3]  Even if precedent did not preclude *Chevron* deference, Defendants here have not invoked or even mentioned *Chevron* deference. Other circuits have held that a failure to raise the issue results in the Government having waived *Chevron* deference, *see, e.g.*, *Neustar, Inc. v. FCC*, 857 F.3d 886, 894 (D.C. Cir. 2017) (holding agency forfeited *Chevron* deference where it only "nominally reference[d]" the standard but did not invoke it), but the Fifth Circuit has not taken a position on the issue.

### *i. Parole*

The Court first turns to the question of Plaintiff's entry by parole on November 28, 2005. Parole is a means by which the government allows individuals to temporarily remain in the United States. It is plainly stated under 8 U.S.C. § 1182(d)(5) that, "parole of [an] alien shall not be regarded as an admission." 8 U.S.C. § 1182(d)(5); *see also Leng May Ma v. Barber*, 357 U.S. 185, 186 (1958) (holding parole was not an admission); *Matter of Waldei*, 19 I. & N. Dec. 189, 190 (BIA 1984) (holding parole under § 1182(d)(5)(A) is not an admission). This provision is consistent with the definition for "admission" under the Immigration and Nationality Act. *See* 8 U.S.C. § 1101(a)(13). Under that definition, "an alien who is paroled under section 1182(d)(5) . . . or permitted to land temporarily as an alien crewman shall not be considered to have been admitted." 8 U.S.C. § 1101(a)(13)(B).

Plaintiff asserts her parole admission in 2005 does not make her inadmissible under 8 U.S.C. § 1182(a)(9)(A)(ii)(II) because parole is not an admission under the INA. (Doc. 15 at 8.) Defendants agree with Plaintiff. (Doc. 16 at 8.) Defendants do not argue that Plaintiff's parole is what made her inadmissible, and thereby concede this issue. Accordingly, the Court finds that there is no genuine dispute regarding Plaintiff's parole on November 28, 2005.

### *ii. Application for Adjustment of Status*

As such, the central dispute is based on Plaintiff's application for adjustment of status. Defendants rely on Plaintiff's application on June 16, 2015, as the basis of her inadmissibility under 8 U.S.C. § 1182(a)(9)(A)(ii)(II). This provision states that an individual is inadmissible if she "departed the United States while an order of removal was outstanding" and subsequently "seeks admission" within 10 years of the date of departure. 8 U.S.C.§ 1182(a)(9)(A)(ii)(II). The

issue, therefore, is whether an application for adjustment of status constitutes seeking or applying for an admission under the INA.

Defendants take the position that Plaintiff's application for adjustment of status constitutes her "seeking admission" under 8 U.S.C.§ 1182(a)(9)(A)(ii)(II). Plaintiff, on the other hand, asserts that an adjustment of status does not constitute an "admission" under the plain text of the INA. This Court is guided by Fifth Circuit precedent establishing that Plaintiff holds the correct view.

Both the Fifth Circuit and the Board of Immigration Appeals ("BIA") have held that an adjustment of status does not constitute an "admission" under the plain text of the INA. *Marques*, 834 F.3d at 556; *Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008); *Matter of J-H-J-*, 26 I. & N. Dec. 563, 564-65 (BIA 2015). The Fifth Circuit reaffirmed this principle when it specifically held that an application for adjustment of status does not constitute an application for admission. *Marques*, 834 F.3d at 556. Therefore, "admission" under the INA—as used in the provision at issue here—does not include a post-entry adjustment of status. As such, Plaintiff did not "seek admission" when she applied for adjustment of status in 2015 and accordingly, 8 U.S.C.§ 1182(a)(9)(A)(ii)(II) does not bar her eligibility for adjustment of status.

The jurisprudence of this issue, beginning with *Martinez*, illustrates the ultimate consensus that an adjustment of status does not constitute an admission. It bears repeating that an "admission" is defined in the INA as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). In *Martinez*, the Fifth Circuit analyzed a different INA provision, 8 U.S.C. § 1182(h), which provides a waiver of inadmissibility to certain individuals. 519 F.3d at 541. The immigration judge had determined that Martinez was barred from a waiver under § 1182(h). In his petition for review, Martinez argued that he had not "previously been *admitted*" as an LPR, but that his status was *adjusted* after his entry, making him

eligible for the discretionary waiver. *Id.* at 542. The Government urged the Fifth Circuit to interpret the term "admission" to include adjustment of status, but the court declined to do so. *Id.* at 546.

Various courts of appeals followed the Fifth Circuit's interpretation in *Martinez*, which ultimately led the BIA to withdraw its own opposing decisions and adopt the interpretation of the nearly unanimous circuit courts. *Matter of J-H-J-*, 26 I. & N. Dec. 563, 564-65 (BIA 2015).

Defendants rely on *In re Rosas-Ramirez*, 22 I. & N. Dec. 616, 623 (BIA 1999), for their position that "admission" includes adjustment of status despite the INA's plain text. Defendants overlook the fact that the Fifth Circuit already declined to adopt the position in *Rosas-Ramirez*. In *Martinez*, the court declined to apply *Chevron* deference to the BIA decision because it found "no ambiguity in the term 'admitted.'" 519 F.3d at 544. Looking to Congress's intent as evidenced by its plain statutory language, the court found that under 8 U.S.C. § 1101(a)(13), "'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." *Id.*

The same is true for 8 U.S.C.§ 1182(a)(9)(A)(ii)(II). The provision at issue here also uses the term "admission," as defined by the INA in § 1101(a)(13), which the Fifth Circuit has held plainly and obviously does not include post-entry adjustment of status. Thus, even if *Chevron* or any level of deference were at play here, the plain statutory language would control, and the result is that post-entry adjustment of status—as Plaintiff seeks—is not an admission.

Similarly, the court in *Martinez* was unpersuaded by the Government's plea that such a construction would result in an "absurd result" because it would be unreasonable for Congress to distinguish between those who entered as LPRs and those who adjusted post-entry. *Id.* at 544-45. Because there were countervailing explanations for the distinction between the terms "admitted' and "adjusted," the court found it was "not at liberty to override the plain, unambiguous text of

14

INA §§ 212(h) and 101(a)(13)." *Id.* at 545. More recently in *Marques*, the Fifth Circuit rejected the Government's position that "this conclusion, if extended to every provision in the INA, would create absurd results," finding itself bound by the reasoning in *Martinez*. 843 F.3d at 562 n.4.

Another reason the Fifth Circuit declined to defer to *Rosas-Ramirez* is because the BIA had explicitly cabined that decision to INA § 237(a)(2)(A)(iii). *Martinez*, 519 F.3d at 542 (citing *In re Rosas-Ramirez*, 22 I. & N. Dec. at 623 n.5). The BIA was clear, "it was not attempting to resolve the meaning of 'admission' in other contexts or under other provisions for adjustment of status." *Id.* (internal quotations omitted).[4] Thus, this Court also declines to follow *Rosas-Ramirez* in light of binding Fifth Circuit precedent.

But in contrast to *Rosas-Ramirez*, the Fifth Circuit has since clarified that its reasoning in *Martinez* extends beyond the context of § 1182(h) to the INA as a whole. *Marques*, 834 F.3d at 561. In *Marques*, the court was presented with the more specific issue of whether applying for adjustment of status can be equated to an "application for admission." *Id.* at 553.

In *Marques*, the Fifth Circuit recognized the "case offer[ed] a new context" than its prior decision in *Martinez*. *Id.* at 555. Because of that, the court not only examined the provision at issue, § 1182(a)(7), for ambiguity, but went further and scrutinized whether the INA as a whole presented ambiguity to the term "admission" as defined in the INA. *Id.* at 558 ("We are urged to press on beyond the seemingly clear language of the statute into the ambiguity created by the overall operation of the INA."). Faced with the question of whether *Chevron* deference or their

---

[4] Defendants also (presumably) rely on 8 U.S.C. § 1255(b) for the proposition that an adjustment of status is an admission. Although Defendants cite to § 1155(b), the Court assumes from the quoted language that it is in reference to § 1255(b). The Fifth Circuit has already rejected this argument, holding "that this definition ha[s] a distinct and limited purpose separate from the general concept of being *admitted*." *Marques*, 834 F.3d at 560 (citing *Martinez*, 519 F.3d at 545-46).

precedent in *Martinez* should apply, the court asked, "[i]s there enough in the ambiguities of the statutory context to allow us to give deference to the BIA's interpretation in this slightly different context and regarding slightly different terms than in *Martinez*?" *Id.* at 561. For reasons germane to the present case, the court concluded there was not.[5]

First, the court recalled that the circuits had been "nearly unanimous" in holding that "admitted" did not include post-entry adjustment of status in the context of §1182(h). *Id.* Because the BIA was "rebuffed" by the courts of appeals and ultimately had to concede its position, the BIA had "an extremely high hurdle to convince [the] court that a similarly worded provision elsewhere should receive a different interpretation." *Id.* Second, "Congress has shown it knows the adjustment-of-status phrase and can use it when it wants." *Id.* Thus, an omission of the phrase is further support that Congress did not intend a provision to apply to post-entry adjustment of status. *Id.* ("We generally presume that, where Congress includes particular language in one section of a statute but omits it in another section of the same Act . . . Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (internal citations omitted).

In sum, the Fifth Circuit found no ambiguity in the statutory text when considering the INA holistically, and thus declined to find a difference between two similarly worded provisions that both used "admission" but omitted "adjustment of status." *Id.*

---

[5] There is also no distinction between a person who was previously "admitted" before an adjustment of status, and someone, like Plaintiff here, who has never been "admitted." In *Matter of Rodriguez*, the respondent argued that the holding in *Martinez* applied equally to those who had adjusted to LPR status without any prior "admission" under the INA. 25 I. & N. Dec. 784, 787 (BIA 2012). The BIA agreed with the respondent, finding that "[a]lthough the respondent's case is factually distinguishable from *Martinez* because he was never 'admitted' to the United States, the breadth of the Fifth Circuit's holding persuades us that this factual distinction does not justify a different legal outcome." *Id.* at 788. While the primary holding of this decision has since been withdrawn because it incorrectly found that "admission" included an adjustment of status, *Matter of J-H-J-*, 26 I. & N. Dec. at 564-65, this reasoning still holds.

16

This Court is well-guided by the reasoning and holdings of the Fifth Circuit, which has repeatedly declined to override unambiguous text in the INA and any contentions of absurd results when faced with similar arguments the Court is presented with today. The Fifth Circuit has examined the INA and concluded that "admission" does not include post-entry adjustment of status. The Court is unpersuaded to depart from precedent and conclude that "a similarly worded provision elsewhere [in the INA] should receive a different interpretation." *Id.*

*Marquez* pointed to three different examples in § 1182—the same statute at issue here—where Congress used "admission" and "adjustment of status" as distinct phrases. *Id.* Upon this Court's examination, § 1182 actually includes twelve different examples of this distinction. *See, e.g.*, 8 U.S.C. §§ 1182(a)(2)(D)(i)-(ii), 1182(a)(4)(A), 1182(a)(4)(C), 1182(a)(4)(D), 1182(a)(5)(D) (distinguishing between seeking admission or adjustment of status). Congress deliberately omitted "adjustment of status" in the text of 8 U.S.C.§ 1182(a)(9)(A)(ii)(II), showing its clear intent to exclude an adjustment of status from that provision.

Because the Fifth Circuit has taken the position that an application for adjustment of status is not an application for admission, the USCIS's decision to deny Plaintiff's application on that basis was "arbitrary, capricious . . . or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

## IV.   CONCLUSION

The Court therefore **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 30th day of September, 2020.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE